## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **Wonderful Growers Cooperative and** | § | |
| **Wonderful Citrus Cooperative,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | **Civil Action No. 3:23-cv-199** |
| **v.** | § | |
| | § | |
| **American Fresh Produce, LLC,** | § | |
| | § | |
| *Defendant*. | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, Wonderful Growers Cooperative ("WGC") and Wonderful Citrus Cooperative ("WCC") (collectively referred to herein as "Wonderful" or "Plaintiffs") file this Complaint against Defendant, American Fresh Produce, LLC ("American Fresh") and shows as follows:

### PARTIES

1. Plaintiff WGC is a corporation formed under the laws of the State of California with its principal place of business located in Los Angeles, California.

2. Plaintiff WCC is a corporation formed under the laws of the State of California with its principal place of business located in Los Angeles, California.

3. Defendant American Fresh is a limited liability company organized and existing under the laws of the State of Texas that maintains its principal place of business at 2410 Logan Street, Dallas, Texas 75215.  American Fresh may be served with process by serving its registered agent: Gustavo Hernandez at 2410 Logan Street, Dallas, Texas 75215 or wherever else, and to whomever, service of process is permitted under law.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(b)(2) and 7 U.S.C. § 499e(c)(5).  This Court has supplemental jurisdiction over Plaintiffs' other claims pursuant to 28 U.S.C. § 1367(a).

5.  Additionally, this Court has jurisdiction over this civil action on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332.  Damages sought in this action exceed $75,000, exclusive of interest and costs.

6.  This court has personal jurisdiction over American Fresh because it is incorporated under the laws of the State of Texas and American Fresh's principal place of business is in this state. American Fresh is "at home" in Texas.

7.  Venue is proper in this district under 28 U.S.C. § 1391 (b)(1) – (2) because American Fresh resides in this district and a substantial part of the events and omissions giving rise to this action occurred in this district.

## STATEMENT OF FACTS

8.  Plaintiffs are non-profit cooperatives that, among other things, assist their grower entity members in growing and distributing high-quality citrus products.   In addition, WCC serves as an agent for WGC, among other entities, in the sale of citrus products.

9.  In July 2015, American Fresh completed a Credit Application with WGC, through its agent WCC, in order to purchase citrus products on credit.  A true and correct copy of the Credit Application is attached hereto as Exhibit A and is incorporated as though fully set forth herein. From June 20, 2019 through May 21, 2020, WGC, through WCC, fulfilled numerous orders placed by American Fresh and shipped citrus products to American Fresh.  These orders are

represented by various invoices dated August 21, 2019 - May 21, 2020.  True and correct

copies of the invoices are attached hereto as Exhibit B and are incorporated as though fully set

forth herein.  WGC delivered citrus products to American Fresh and American Fresh failed to

make payments totaling valued at $311,421.87.

10. Wonderful made multiple demands for payment, and American Fresh failed to tender the

amounts due.  True and correct copies of the demand letters are attached hereto as Exhibit C

and are incorporated as though fully set forth herein.

11. Wonderful fully and faithfully performed all of its obligations to American Fresh under the

parties' contractual arrangement by fulfilling orders and delivering high-quality citrus

products.

12. To date, American Fresh owes Wonderful at least $311,421.87 (exclusive of accrued interest

and attorneys fees) for delivered products.

### FIRST CAUSE OF ACTION –
### VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT

13. Plaintiffs incorporate the foregoing paragraphs by reference as if fully set forth herein.

14. Plaintiffs at all times relevant herein were engaged in the business of selling and/or shipping

perishable agricultural commodities as defined by the Perishable Agricultural Commodities

Act of 1930 as amended [7 U.S.C. §499 et seq] ("PACA").  At all relevant times, WGC held

PACA License No. 20210364.  At all relevant times, WGC's agent WCC held PACA License

No. 20061298.

15. At all relevant times, American Fresh held PACA License No. 20140474.

16. With respect to the produce specified in the invoices attached at Exhibit B, Wonderful is an

unpaid creditor, supplier, and seller of perishable agricultural commodities as those terms are

defined under PACA.  The perishable agricultural commodities that are the subject of this action, as specified in the invoices attached at Exhibit B, were purchased and sold in, or in contemplation of the course of, interstate and/or foreign commerce.

17. Pursuant to 7 U.S.C. §499(c)(1)-(4) of the PACA upon receipt of the produce sold by Wonderful to American Fresh, Wonderful became the beneficiary of a floating, non-segregated statutory trust on all of American Fresh's perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

18. Pursuant to the statutory trust provisions of PACA [7 U.S. §499(c)(1)-(4)], Wonderful is informed, believes and thereon alleges that Wonderful has performed and fulfilled all duties required to preserve Wonderful's trust benefits in the principal amount of at least $311,421.87, as separately set forth above, for the perishable agricultural commodities sold to American Fresh, all of which remains past due and unpaid.

19. Wonderful is informed and believes for the reasons alleged above that American Fresh is a statutory trustee under PACA.  The PACA trust requires American Fresh to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Wonderful until full payment has been made to Wonderful.  Wonderful is informed and believes and thereon alleges that American Fresh has failed to maintain the trust assets and keep them available to satisfy American Fresh's obligations to Wonderful in that American Fresh has failed to perform the requirements of the statutory trust provisions, express and implied, and has breached its fiduciary duties to maintain the trust assets, all in violation of the provisions of

the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

20. Wonderful is informed, believes and thereon alleges that during times relevant herein, American Fresh transferred or diverted the trust assets, and is continuing to so transfer or divert trust assets, namely receivables or proceeds derived from American Fresh's sale of produce or products derived from produce, to its own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Wonderful. [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to the interest of Wonderful on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

21. As a direct and proximate cause and result of the wrongful acts and omissions of American Fresh, Wonderful has suffered the cumulative principal loss of at least $311,421.87, plus recoverable attorney's fees and interest, all of which qualifies for protection under the PACA trust.

**SECOND CAUSE OF ACTION – BREACH OF CONTRACT**

22. Plaintiffs incorporate the foregoing paragraphs by reference as if fully set forth herein.

23. Wonderful and American Fresh entered into a valid and enforceable contract whereby Wonderful agreed to deliver high-quality citrus products in exchange for payment. Wonderful performed and delivered products in strict compliance with the terms of the parties' contractual arrangement. American Fresh breached the parties' contract by failing to compensate Wonderful for the citrus products delivered. Despite multiple demands, American Fresh has refused to remit payment for the products delivered.

24. Defendant American Fresh's breaches are a direct and proximate cause of damages to Wonderful in the amount of at least $311,421.87, plus interest and attorneys' fees. Wonderful demands judgment for damages in an amount to be shown at trial, as well as pre- and post-judgment interest.

25. American Fresh's breaches have also required Wonderful to hire the undersigned attorneys. Wonderful is therefore entitled to recover reasonable attorneys' fees necessary to prosecute its claims for breach of contract under Chapter 38 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE and pursuant to the terms of the Credit Application.

## THIRD CAUSE OF ACTION – QUANTUM MERUIT

26. Wonderful incorporates the foregoing paragraphs by reference as if fully set forth herein.

27. In addition, and in the alternative to its breach of contract claim, WGC sets forth the following claim for Quantum Meruit.

28. From June 20, 2019 through May 21, 2020, Wonderful delivered citrus products to American Fresh in connection with the Credit Application and invoices. American Fresh accepted and used the products delivered by Wonderful. Though American Fresh knew that Wonderful expected payment in full for these products, American Fresh has refused to tender full payment in the amount of at least $311,421.87.

29. As result, Wonderful has been harmed in the amount of at least $311,421.87, and Wonderful is entitled to recover the amounts owed to it by American Fresh, as well as pre- and post-judgment interest.

## FOURTH CAUSE OF ACTION – SUIT ON SWORN ACCOUNT

30. Plaintiffs incorporate the foregoing paragraphs by reference as if fully set forth herein.

31. In addition, and in the alternative to the foregoing causes of action, Wonderful sets forth the following claim for Suit on Sworn Account.

32. As reflected by the invoices attached as Exhibit B, Wonderful furnished goods to American Fresh.

33. The prices that Wonderful charged American Fresh were just and true, and in accordance with the terms of the agreements between the parties.

34. Wonderful kept a systematic record of the transactions between itself and American Fresh.

35. After applying all lawful offsets, payments, and credits, there remains an amount due to Wonderful by American Fresh in the amount of $311,421.87.

**FIFTH CAUSE OF ACTION – MONEY HAD AND RECEIVED**

36. Plaintiffs incorporate the foregoing paragraphs by reference as if fully set forth herein.

37. In addition, and in the alternative to the foregoing causes of action, Wonderful sets forth the following claim for Money Had and Received.

38. American Fresh is in possession of money that in equity and good conscience belongs to WGC. Indeed, American Fresh has engaged in a course of wrongful conduct through which it has reaped a substantial and inequitable windfall. Wonderful delivered valuable products to American Fresh for a period of eleven months. During this time, Wonderful periodically submitted invoices to American Fresh for payment. After American Fresh reaped the benefit of Wonderful's delivery of product for eleven months, it then refused to compensate Wonderful for its citrus products. Wonderful has therefore been injured and demands payment of amounts owed by American Fresh, as well as pre- and post-judgment interest.

### ATTORNEYS' FEES

39. American Fresh's wrongful actions have required Wonderful to hire the undersigned attorneys. Wonderful is therefore entitled to recover reasonable attorneys' fees under applicable Texas law, including without limitation Chapter 38 of the TEXAS CIVIL PRACTICE & REMEDIES CODE and the provisions of the Credit Application.

### CONDITIONS PRECEDENT

40. Wonderful asserts that all conditions precedent necessary for recovery of the amounts claimed herein and attorneys' fees have been performed or have occurred.

### PRAYER

41. That a declaration be entered directing American Fresh to establish and/or preserve the PACA trust fund consisting of funds sufficient to pay Wonderful's principal trust claim of $311,421.87  plus interest and costs of collection.

42. Wonderful requests that upon final hearing a judgment be entered against American Fresh for the sum of at least $311,421.87 plus interest thereon at the highest legal rate permitted by law, plus Wonderful's costs, attorneys' fees, and post-judgment interest.

43. Wonderful also requests all such other and further relief that the court deems just and proper.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Todd C. Donohue*
      James L. Sowder
      State Bar No. 18863900
      Todd C. Donohue
      State Bar No. 24026808

Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
E-Mail: jsowder@thompsoncoe.com
      tdonohue@thompsoncoe.com

**ATTORNEYS FOR PLAINTIFFS**
**WONDERFUL GROWERS COOPERATIVE**
**AND WONDERFUL CITRUS COOPERATIVE**